■ In the Matter of the Construction of the Will of MALVINA ASTOR, Deceased. JAMES G. PULVER, as Administrator of the Estate of J. ALAN PULVER, Deceased, et al., Appellants; HARRIET L. DINEHART et al., Respondents. (Two Proceedings.) — Decree affirmed, on the opinion of Surrogate CHRISTIANA of Columbia County (5 Misc 2d 722), with costs to each group of litigants who filed briefs or argued in this court, payable out of the estate. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.

■ RICHARD A. KAHIL et al., Respondents, v. HAROLD TOWNSEND et al., Appellants.— Defendants appeal from a judgment entered upon the decision of an Official Referee adjudicating that plaintiffs are the owners and entitled to possession of certain real property and barring the defendants from any rights therein. The action was brought under article 15 of the Real Property Law to determine title, the plaintiffs alleging that they held title to the disputed parcel by virtue of a deed of conveyance to them, and, as a second cause of action, asserted title by adverse possession. The Official Referee has determined that the disputed parcel is included within the description contained in plaintiffs' deed and hence did not pass upon the question of adverse possession. Plaintiffs introduced their deed and an abstract of title in evidence, but produced no evidence tending to help interpret or explain the description in their deed. This description is in the technical language of a surveyor and describes the boundaries by courses and distances. The only issue in the case is the location of the boundaries of the property conveyed to plaintiffs. It is virtually impossible to locate such boundaries without an accurate survey and a professional interpretation thereof. No such evidence appears in the record. Upon this record a finding that the disputed parcel is included in the description in plaintiffs' deed is against the weight of the evidence. We think the matter should be remitted to give the parties an opportunity to produce evidence of a professional survey and location of the boundaries, if they be so advised; or, otherwise, for a determination of the question of adverse possession. Judgment reversed on the law and facts and a new trial ordered, with costs to abide the event. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.